IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.: 07-3429 Division I

LATRECE LOCKETT,

        Plaintiff,

vs.

CHOICE HOTELS INTERNATIONAL,
INC. d/b/a CLARION HOTEL, U.S.
CONSOLIDATED RESOURCES, LLC and
ADVANTAGE EMPLOYER SOLUTIONS, INC.

        Defendants,
_____/

## AMEMDED COMPLAINT

Plaintiff, LATRECE LOCKETT, by and through her undersigned attorneys, hereby sues the Defendants, CHOICE HOTELS INTERNATIONA, INC. d/b/a CLARION HOTEL, U.S. CONSOLIDATED RESOURCES, LLC, and ADVANTAGE EMPLOYER SOLUTIONS, herein after referred to collectively as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Hillsborough County, Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. At all times material hereto, Plaintiff, LETRECE LOCKETT, is a resident of Hillsborough, Florida.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

6. Plaintiff, LATRECE LOCKETT, then received a Notice of Right To Sue from the EEOC. See attached Exhibit "A".

## GENERAL ALLEGATIONS

7. That at all times material hereto "DEFENDANTS", have continuously been doing business in the State of Florida and in Hillsborough County.

8. Plaintiff, LATRECE LOCKETT, was employed by "DEFENDANTS" as a Short Order Cook and then a Reservationist from approximately August 2005 to August 22, 2006.

9. Defendants are joint employers and/or a common enterprise with regard to Plaintiff's employment.

10. During the term of her employment, Plaintiff, LATRECE LOCKETT, was sexually harassed by Eric a coworker.

11. Plaintiff reported the unlawful conduct to the Front Desk Manager Debbie Mangual and to Jackie in the Human Resources Department.

12. Despite Plaintiff's complaints to management officials the harassment continued.

13. On or about August 22, 2006, Plaintiff was terminated from her employment with Defendants.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT - SEXUAL HARASSMENT

14. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-13.

15. Plaintiff is a member of a protected class.

16. The aforementioned actions by the male coworkers constitute unwelcome sexual harassment.

17. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

18. The Defendants knew or should have known of the harassment of Plaintiff.

19. The aforementioned actions created a hostile environment and constitutes discrimination on the basis of sex, in violation of the Florida Civil Rights Act.

20. The sexual harassment and conduct of Plaintiff's Coworker created a hostile work environment which interfered with Plaintiff's ability to perform her job.

21. The Defendants' actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

22. As a result of Defendants' unlawful sexual harassment and retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, LATRECE LOCKETT, demands a trial by jury and judgment against "DEFENDANTS" for:

a. Back pay and benefits;

b. Interest in back pay and benefits;

c. Front pay and future benefits;

d. Loss of future earning capacity;

e. Emotional pain;

 f. Suffering;

 g. Attorneys fees and costs;

 h. Punitive damages;

 i. Inconvenience; and

 j. For any other relief this Court deems just and equitable.

## COUNT II
### FLORIDA CIVIL RIGHTS ACT - RETALIATION

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 13.

24. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act.

25. The aforementioned actions by Defendants constitute retaliation by Defendants in violation of Florida Statutes Chapter 760.

26. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, LATRECE LOCKETT, demands a trial by jury and judgment against "DEFENDANTS" for:

 a. Back pay and benefits;

 b. Interest in back pay and benefits;

 c. Front pay and future benefits;

d. Loss of future earning capacity;

e. Emotional pain;

f. Suffering;

g. Attorneys fees and costs;

h. Punitive damages;

i. Inconvenience; and

j. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII – SEXUAL HARASSMENT

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 13.

28. Plaintiff is a member of a protected class.

29. The aforementioned actions by Defendants constitute unwelcome sexual harassment.

30. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

31. The Defendants knew of or should have known of the harassment to Plaintiff.

32. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

33. The Defendants' actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

34. As a result of Defendants' unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest;

c. Front pay and benefits;

d. Compensatory damages;

e. Pecuniary and non-pecuniary losses;

f. Costs and attorney's fees;

g. Punitive damages; and

h. For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII - RETALIATION

35. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 12.

36. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

37. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

38. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages;

e. Pecuniary and non-pecuniary losses;

f. Costs and attorney's fees;

g. Punitive damages; and

-6-

h.  For any other relief this Court deems just and equitable.

## COUNT V
### (Florida's Private Whistleblower's Act)

39.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 13.

40.  This is an action for damages pursuant to Florida's Private Whistleblower's Act. F.S. §448.101 et seq.

41.  "DEFENDANTS" retaliated against Plaintiff, LATRECE LOCKETT, as set forth above because she reported violations of various laws and objected to or refused to participate in actions of her employers which were violations of laws or rules or regulations.

42.  The retaliatory actions described above were conducted by "DEFENDANTS" because Plaintiff, LATRECE LOCKETT, reported violations to her supervisors.

43.  As a result of all the retaliatory actions of "DEFENDANTS" Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress, physical injury and humiliation. These losses are permanent or intermittent and will continue into the future.

44.  As a result of Defendants' unlawful acts against Plaintiff, LATRECE LOCKETT, Plaintiff has and will continue to incur attorney's fees which are recoverable under section 448.104, Florida Statutes.

WHEREFORE, Plaintiff, LATRECE LOCKETT, demands a trial by jury and judgment against "DEFENDANTS" for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff may be Justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

FLORIN, ROEBIG, P.A.

*[signature]*

Wolfgang M. Florin
Christopher D. Gray
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorney for Plaintiff
FL BAR Nos.: 907804 and 0902004
Dated: 4-13-07

03-05-07   12:27pm   From-59555555                    +                    T-692   P.003/008   F-000

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: Latrace D. Lockett<br>11617 N 50th St Apt C<br>Tampa, FL 33617 | From: Tampa Field Office - 511<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2006-02514 | Carey Shepherd,<br>Investigator | (813) 202-7912 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   1/29/07
Manuel Zurita,                (Date Mailed)
Director

Enclosures(2)

cc: Lillian Garcia              Jay Joshi
    Director of Operations      Franchise Owner
    CLARION HOTEL               9789 West Sample Road
    2701 E. Fowler Ave.         Coral Springs, FL 33068
    Tampa, FL 33612

EXHIBIT "A"